# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 15-513V

Filed: July 21, 2016

```
* * * * * * * * * * * *   *
ANNE TINSLEY,                 *
                             *
              Petitioner,     *           Special Master Gowen
                             *
v.                            *           Attorneys' Fees and Costs
                             *
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                             *
              Respondent.     *
                             *
* * * * * * * * * * * *   *
```

Patricia A. Finn, Law Office of Patricia Finn, P.C., Piermont, NY, for petitioner.
Adriana R. Teitel, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 18, 2015, Anne Tinsley ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to 34 (2012). Petitioner alleged that she sustained a neurological injury as a result of receiving an influenza ("flu") vaccine on September 27, 2014. Petition at Preamble. On July 15, 2016, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation. The undersigned issued a Decision awarding compensation pursuant to the parties' stipulation on July 18, 2016.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On July 18, 2016, petitioner filed an unopposed motion for attorneys' fees and costs, requesting $9,790.00 in attorneys' fees and $1188.45[3] petitioner's costs, for a total request of $10,978.45 in attorneys' fees and costs. See Petitioner's ("Pet.") Motion at 1; General Order #9 Statement. Petitioner filed her billing invoice in support of her fee application that same day, and filed a statement of petitioner's costs in accordance with General Order #9 on July 20, 2016. Pet. Supplemental ("Supp.") Motion; General Order #9 Statement. Petitioner's application states that respondent does not oppose petitioner's requested attorneys' fees and costs. Pet. Motion at 1.

## I.    Attorneys' Fees and Costs

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). In the present case, petitioner was awarded compensation pursuant to the terms of a joint stipulation. Therefore, petitioner is entitled to an award of reasonable attorneys' fees and costs.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). The requirement that attorneys' fees be reasonable also applies to costs. McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, at *5 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (citing Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992)).

The determination of reasonable attorneys' fees and costs is within the special master's discretion. Saxton, 3 F.3d at 1520. Special masters may rely on their prior experience in reviewing fee applications. See id., 3 F.3d at 1521 (citing Farrar v. Sec'y of Health & Human Servs., No. 90-1167V, 1992 WL 336502 at *2-3 (Fed. Cl. Spec. Mstr. Nov. 2, 1992)).

---

[3] Petitioner's motion itself stated that petitioner's costs were $788.45, a total which erroneously did not include the $400 filing fee. Petitioner's statement filed pursuant to General Order #9 includes the filing fee and indicates that petitioner's costs total $1,188.45. Petitioner's counsel informed the court via email on July 20, 2016, that this corrected total is unopposed by respondent.

## II. Reasonable Attorneys' Fees and Costs

Petitioner's billing record indicates that the total attorneys' fees and costs incurred in this case total $14,251.45.[4] Pet. Supp. Motion at 5. According to the billing record, this total represents $13,460.00 in attorneys' fees (for 26.10 hours of work performed by Ms. Patricia Finn at a rate of $400 per hour and 15.10 hours of work performed by Ms. Jessica Lucas[5] at a rate of $200 per hour) and $791.45 in costs. See generally Pet. Supp. Motion. Petitioner, however, has only requested $9,790.00 in attorneys' fees and a corrected total of $1,188.45 in petitioner's costs, for a total request of $10,978.45 in attorneys' fees and costs. See Petitioner's ("Pet.") Motion at 1.

On review of petitioner's billing record, the undersigned finds the number of hours expended reasonable. The issue of reasonable forum rates was recently ruled upon by the undersigned in McCulloch, and the undersigned notes that the billed rates are not consistent with that decision.[6] 2015 WL 5634323. However, the attorneys' fees requested have been reduced from those billed. Based upon the number of hours billed, petitioner has effectively requested rates of approximately $300 per hour for Ms. Finn and $130 per hour for Ms. Lucas. These rates are reasonable and are in line with the rates set forth in McCulloch. Accordingly, the undersigned finds the requested $9,790.00 in attorneys' fees reasonable.

---

[4] This amount does not include the $400 filing fee.

[5] The billing record refers only to "PF" and "JL," and Ms. Lucas is not specifically named in petitioner's motion. See generally, Pet. Supp. Motion; Pet. Motion. However, based on his knowledge of other cases filed in this Program, the undersigned understands that "PF" refers to Ms. Finn and "JL" to Ms. Lucas. See, e.g. DiMatteo v. Sec'y of Health & Human Servs., No. 10-566V, 2016 WL 1544863 (Fed. Cl. Spec. Mstr. Mar. 25, 2016) (awarding fees for Patricia Finn and Jessica Lucas); Rowan v. Sec'y of Health & Human Servs., No. 10-272V, 2014 WL 3375588 (Fed. Cl. Spec. Mstr. June 19, 2014) ("JL" is believed to be Jessica Lucas).

[6] In McCulloch, a reasonable rate for work performed in 2014-2015 by an attorney with 11 to 19 years of experience was found to be $300 to $375 per hour. 2015 WL 5634323 at *19. A reasonable rate for paralegals was found to be $135 per hour. Id. at *21. Petitioner did not submit information regarding Ms. Finn's experience in this case, however, it appears that Ms. Finn was admitted to the New York bar in 2003. See Rowan v. Sec'y of Health & Human Servs., No. 10-272V, 2014 WL 3375588, at *2 (Fed. Cl. Spec. Mstr. June 19, 2014).[6] Thus, Ms. Finn would fall into the McCulloch category of attorneys with 11 to 19 years of experience. Petitioner did not submit information regarding Ms. Lucas' experience or credentials, including whether or not she is licensed to practice law in any state. However, the undersigned notes that Ms. Lucas is referred to as a paralegal in other recent attorneys' fees decisions. See, e.g. Brannigan v. Sec'y of Health & Human Servs., No. 14-675V, 2016 WL 3886297 (Fed. Cl. Spec. Mstr. June 17, 2016); DiMatteo v. Sec'y of Health & Human Servs., No. 10-566V, 2016 WL 1544863, at *1 (Fed. Cl. Spec. Mstr. Mar. 25, 2016); Becker v. Sec'y of Health & Human Servs., No. 13-687V, 2014 WL 4923160, at *5 (Fed. Cl. Spec. Mstr. Sept. 11, 2014).

The requested $1,188.15 in petitioner's costs, which consist of medical record costs and the filing fee, are also reasonable. Pet. Supp. Motion; General Order #9 Statement.

Upon review of the documentation of the requested attorneys' fees and costs, and based on his experience with the Vaccine Act and its attorneys, the undersigned finds a total attorneys' fees and costs award of $10,978.45 reasonable.

## III.    Conclusion

**The undersigned awards attorneys' fees and costs as follows:**

> **(1) A lump sum of $9,790.00 in the form of a check payable jointly to petitioner and petitioner's counsel of record, Patricia Finn, of the Law Office of Patricia Finn, P.C., for attorneys' fees and costs.**

> **(2) A lump sum of $1,188.45 in the form of a check payable to petitioner, for petitioner's costs.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.